**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABRINA ANDERSON,<br><br>     vs.          Plaintiff,<br><br>BANK OF AMERICA, a business form unknown, et al.,<br><br>          Defendants. | CASE NO. 10cv0818 DMS (AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[Docket No. 9]** |

This case comes before the Court on Defendants Bank of America Corporation and Recontrust Company, N.A.'s motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). Plaintiff filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

**I.**

**BACKGROUND**

On or about April 29, 2005, Plaintiff Sabrina Anderson received a loan from Defendant First National Bank of Arizona. The loan was secured by a Deed of Trust on Plaintiff's home located at 1800 Knight Ferry Drive, Chula Vista, CA 91913. The property is currently subject to foreclosure proceedings.

On March 30, 2010, Plaintiff filed the present case against Defendants Bank of America ("BofA"), First National Bank of Arizona and Recontrust Company ("Recontrust") in San Diego

1  Superior Court alleging claims for violation of the Truth in Lending Act ("TILA"), violation of the
2  Real Estate Settlement Procedures Act ("RESPA") and California Business and Professions Code §
3  17200. On April 19, 2010, Defendants BofA and Recontrust removed Plaintiff's case to this Court.
4  Plaintiff thereafter filed a First Amended Complaint in which she deleted her claims under TILA and
5  RESPA, and added claims for fraudulent and negligent misrepresentation and for violation of
6  California Civil Code § 2923.5. In response to the FAC, Defendants BofA and Recontrust filed the
7  present motion.

8  **II.**

9  **DISCUSSION**

10  Defendants move to dismiss the FAC in its entirety. They argue each of Plaintiff's claims fails
11  to state a claim for relief. Plaintiff disputes Defendants' arguments and opposes dismissal of her
12  claims.

13  **A.   Standard of Review**

14  In two recent opinions, the Supreme Court established a more stringent standard of review for
15  12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v.*
16  *Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint
17  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
18  its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility
19  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that
20  the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

21  "Determining whether a complaint states a plausible claim for relief will ... be a context-
22  specific task that requires the reviewing court to draw on its judicial experience and common sense."
23  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this
24  task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."
25  *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they
26  plausibly suggest an entitlement to relief." *Id.* at 1951.

27  / / /

28  / / /

**B.     California Business and Professions Code § 17200**

The first claim at issue in this motion is Plaintiff's claim that Defendants violated California Business and Professions Code § 17200. Defendants argue this claim is preempted by TILA, Plaintiff lacks standing to pursue this claim, and Plaintiff has failed to plead a predicate violation of the law.

<u>1.     Preemption</u>

Defendants argue Plaintiff's 17200 claim is preempted by TILA. Their preemption argument consists of three sentences, and contains one citation to a case involving the Home Owners Loan Act, *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008). This conclusory argument is insufficient to demonstrate preemption of Plaintiff's 17200 claim by TILA.[1]

<u>2.     Standing</u>

Next, Defendants assert Plaintiff lacks standing to bring a claim under section 17200. California Business and Professions Code § 17204 sets out the statutory standing requirements for section 17200 claims. It states that individual claims may only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Defendants assert Plaintiff has failed to allege either of these elements in the FAC, but the Court disagrees. Plaintiff alleges she "suffered actual harm and damage including paying more than she should have paid for the subject loan." (FAC ¶ 14.) This allegation is sufficient to withstand Defendants' motion to dismiss for lack of standing.

<u>3.     Unfair, Unlawful or Fraudulent Business Practice</u>

Next, Defendants argue Plaintiff has failed to allege that they engaged in any "wrongful" conduct in violation of section 17200. However, section 17200 does not prohibit "wrongful" conduct. Rather, it prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. Thus, this argument does not warrant dismissal of this claim.

///
///
///

---

[1] Defendants' argument that Plaintiff's fraudulent misrepresentation claim is preempted by TILA is similarly conclusory, and thus insufficient to warrant dismissal of that claim.

### 4. Timeliness[2]

Finally, Defendants assert Plaintiff's 17200 claim is time-barred. Claims under section 17200 are subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Defendants argue the claims at issue here accrued by April 29, 2005, therefore Plaintiff's claim is untimely. The Court agrees. Therefore, the Court grants Defendants' motion to dismiss this claim.

## C. Misrepresentation Claims

Plaintiff's second and third claims are for fraudulent and negligent misrepresentation, respectively. Defendants argue these claims are untimely and contradicted by the documents attached to the FAC.

### 1. Timeliness

The statute of limitations for Plaintiff's misrepresentation claims is three years. California Code of Civil Procedure § 338(d). Defendants argue these claims accrued upon the closing of Plaintiff's loan in April 2005, and thus Plaintiff should have filed these claims in or before April 2008. Plaintiff does not dispute the accrual date of her claims, but asserts that she is entitled to the benefit of the discovery rule. According to that rule, Plaintiff states she did not discover the facts giving rise to her claims until 2009, therefore her claims are timely.

Although the discovery rule applies to claims for fraud and mistake, *id.*, Plaintiff fails to allege any facts in the FAC to support the application of that rule to her case. Accordingly, Plaintiff's misrepresentation claims are untimely.

### 2. Allegations in FAC v. Documents Attached Thereto

Next, Defendants argue the documents attached to the FAC contradict the allegations contained therein and defeat Plaintiff's misrepresentation claims. Specifically, Defendants assert the documents reflect that they were not involved in the origination of Plaintiff's loan, therefore they cannot be held liable for misrepresentation. Plaintiff does not dispute that Defendants were not involved in the origination of her loan, but she asserts they are liable as successors-in-interest.

---

[2] Defendants raise this argument for the first time in their reply brief. Although the general rule is that arguments raised for the first time in a reply brief are waived, "a district court has the discretion to consider an argument first raised in a reply brief." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008). Because this argument goes to the initial viability of the claim, the Court will address it here.

As with Plaintiff's argument about the discovery rule, there are no allegations in the FAC to support a theory of successor-in-interest liability against Defendants. Rather, the FAC alleges Defendants made the misrepresentations directly to Plaintiff. Because the documents attached to the FAC disprove these allegations, and in the absence of any facts to support a successor-in-interest theory, Plaintiff's misrepresentation claims are dismissed.

**D.     California Civil Code § 2923.5**

Plaintiff's fourth and final claim alleges Defendants violated California Civil Code § 2923.5. In their moving papers, Defendants argued there is no private right of action under this statute, Plaintiff has not satisfied the specificity requirements of the statute, and she has failed to allege tender. In their reply brief, Defendants concede the California Court of Appeal resolved the first and third arguments in *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). In that case, which was decided the day after Defendants filed their motion, the court held there was a private right of action under section 2923.5, and plaintiffs need not tender the full amount of the mortgage indebtedness as a prerequisite to bringing suit. *Id.* at 214. Defendants persist with their argument that Plaintiff has failed to satisfy the specificity requirements of the statute.

In support of their argument about specificity, Defendants cite *Fortaleza v. PNC Financial Services Group, Inc.*, 642 F.Supp.2d 1012 (N.D. Cal. 2009). In that case, the court found that the plaintiff had failed to state a claim under section 2923.5 because she failed to "allege any specific claim against any specific defendant." *Id.* at 1020. Notably, the court did not cite to the statute to support its reasoning, and this Court does not read such a requirement into the statute. Thus, the Court declines to dismiss this claim for lack of specificity.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendants' motion to dismiss. Specifically, the Court grants Defendants' motion to dismiss Plaintiff's 17200 claim as untimely and Plaintiff's misrepresentation claims as untimely and for failure to allege facts to support a successor-in-interest theory. The Court denies Defendants' motion to dismiss Plaintiff's claim for violation of California Civil Code § 2923.5.

In accordance with Plaintiff's request, Plaintiff is granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiff is cautioned that if her Second Amended Complaint does not cure these deficiencies, her claims will be dismissed with prejudice and without leave to amend. The Second Amended Complaint shall be filed on or before August 20, 2010. Plaintiff shall also contact the Magistrate Judge's chambers to schedule an Early Neutral Evaluation Conference within 30 days of the filing of this Order, at which time all pretrial and trial dates shall be set.

**IT IS SO ORDERED.**

DATED: August 10, 2010

HON. DANA M. SABRAW
United States District Judge