# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA ANDERSON,<br><br>　　　　Plaintiff,<br>　vs.<br><br>BANK OF AMERICA, a business form unknown, et al.,<br><br>　　　　Defendants. | CASE NO. 10cv0818 DMS (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[Docket No. 11]** |

This case comes before the Court on Plaintiff's motion for preliminary injunction. Defendants Bank of America Corporation and ReconTrust Company, N.A. filed an opposition to the motion. Plaintiff did not file a reply. For the reasons discussed below, the Court denies Plaintiff's motion.

## I.

## BACKGROUND

On or about April 29, 2005, Plaintiff Sabrina Anderson received a loan from Defendant First National Bank of Arizona. The loan was secured by a Deed of Trust on Plaintiff's home located at 1800 Knight Ferry Drive, Chula Vista, CA 91913. The property is currently subject to foreclosure proceedings.

On March 30, 2010, Plaintiff filed the present case against Defendants Bank of America ("BofA"), First National Bank of Arizona and ReconTrust Company ("ReconTrust") in San Diego Superior Court alleging claims for violation of the Truth in Lending Act ("TILA"), violation of the

Real Estate Settlement Procedures Act ("RESPA") and California Business and Professions Code § 17200. On April 19, 2010, Defendants BofA and ReconTrust removed Plaintiff's case to this Court. Plaintiff thereafter filed a First Amended Complaint ("FAC") in which she deleted her claims under TILA and RESPA, and added claims for fraudulent and negligent misrepresentation and for violation of California Civil Code § 2923.5.

In response to the FAC, Defendants BofA and ReconTrust filed a motion to dismiss. The Court granted that motion as to Plaintiff's 17200 claim and her misrepresentation claims, but denied the motion as to Plaintiff's claim under California Civil Code § 2923.5. Although the Court granted Plaintiff leave to file a Second Amended Complaint, she did not do so. Therefore, the only remaining claim is for violation of California Civil Code § 2923.5.

## II.

## DISCUSSION

Plaintiff moves for a preliminary injunction to stop the foreclosure sale of her home. Defendants oppose the motion.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

1    the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)
2    (quoting *Winter,* 129 S. Ct. at 374).

3          Plaintiff has failed to meet that standard.  First, she has failed to explain how she is likely to
4    succeed on the merits of her only remaining claim for violation of California Civil Code § 2923.5.
5    She states Defendants have failed to comply with the statute, but she offers no explanation of their
6    failure, or otherwise explains how she is likely to prevail on this claim.  Second, Plaintiff fails to
7    demonstrate that she will suffer irreparable harm in the absence of a preliminary injunction.  The only
8    information she provides about the foreclosure sale is that it was originally scheduled for March 5,
9    2010.  (FAC ¶ 8.)  She fails to provide notice of the foreclosure sale, or any information about the
10   current status of the sale.  Absent that information, the Court is unable to assess whether Plaintiff will
11   suffer irreparable injury in the absence of a preliminary injunction.  Third, Plaintiff fails to adequately
12   explain how the balance of equities tips in her favor.  She asserts Defendants will not suffer any
13   hardship if an injunction is issued, but she does not address the equity of remaining in her home while
14   she fails to fulfill her contractual obligations to make monthly payments on her home loan.  Finally,
15   Plaintiff fails to address the public interest factor at all.

16         Under these circumstances, Plaintiff is not entitled to a preliminary injunction.  Accordingly,
17   her motion for a preliminary injunction to stop the foreclosure sale of her home is denied.

18   **IT IS SO ORDERED.**

19   DATED: August 26, 2010

20   _____
21   HON. DANA M. SABRAW
    United States District Judge